**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**EMMANUEL GERARD**                                    **CIVIL ACTION**

**VERSUS**                                             **NO. 25-898-JWD-EWD**

**SELENE FINANCE LP**

## <u>NOTICE</u>

Please take notice that the attached Magistrate Judge's Report and Recommendation has been filed with the Clerk of the U.S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on June 29, 2026.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

Certified Mail: 9589 0710 5270 3967 3708 55

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

EMMANUEL GERARD                                    CIVIL ACTION

VERSUS                                             NO. 25-898-JWD-EWD

SELENE FINANCE LP

### MAGISTRATE JUDGE'S REPORT, RECOMMENDATION, AND ORDER

Before the Court is the Motion to Remand ("Motion"),[1] filed by Emmanuel Gerard ("Plaintiff"), who is representing himself. Gerard seeks remand for lack of subject matter jurisdiction. The Motion is opposed by Selene Finance LP ("Defendant").[2] Because Plaintiff has alleged causes of action arising under federal laws, and exercise of supplemental jurisdiction over state law claims is appropriate under 28 U.S.C. § 1367, it is recommended[3] that the Motion be denied.

## I.    BACKGROUND

This is a civil action for damages arising out of Plaintiff's claims of alleged "bad faith mortgage servicing practices" by Defendant relating to the mortgage on Plaintiff's Baton Rouge, Louisiana home. On August 15, 2025, Plaintiff filed his Petition for Damages and Jury Demand ("Petition") in Louisiana state court, alleging harm from various acts and/or omissions of Defendant including, *e.g.*, mishandling Plaintiff's loss mitigation application, wrongfully referring Plaintiff's home for foreclosure, misapplying or wrongfully rejecting Plaintiff's mortgage

---

[1] R. Doc. 7. Documents in the Court record are referred to as "R. Doc. __." Plaintiff was also granted leave to file a reply memorandum. R. Docs. 10-12.

[2] R. Doc. 9.

[3] *See, e.g.*, *Davidson v. Georgia-Pacific, L.L.C.*, 819 F.3d 758, 765 (5th Cir. 2016) ("[A] motion to remand is a dispositive matter on which a magistrate judge should enter a recommendation to the district court subject to *de novo* review.").

payments, furnishing false credit information, and other unfair and/or deceptive acts or practices.[4] In the Petition, Plaintiff specifically asserted causes of action under federal law, including the Real Estate Settlement Procedures Act ("RESPA"), and its implementing regulations,[5] the Fair Credit Reporting Act ("FCRA"),[6] the Fair Debt Collection Practices Act ("FDCPA"),[7] and prohibitions against Unfair, Deceptive, or Abusive Acts or Practices ("UDAAP"),[8] as well as state law.

On October 8, 2025, Defendant removed the case to this Court asserting federal question subject matter jurisdiction "[b]ecause Plaintiff has asserted numerous claims arising under the laws of the United States."[9] Twelve days later, Plaintiff filed the Motion, which seeks remand for lack of subject matter jurisdiction, as well as fees under 28 U.S.C. § 1447(c) for improper removal.[10] Defendant timely filed its opposition memorandum, and Plaintiff has filed a reply.[11] The matter is fully briefed and oral argument is not necessary.

## II.    LAW AND ANALYSIS

### A.  Legal Standards for Subject Matter Jurisdiction and Removals

Unlike state district courts, which are courts of general jurisdiction and may therefore hear all types of claims, federal courts may only entertain those cases over which there is federal subject matter jurisdiction. Federal subject matter jurisdiction is generally established in two main ways. This Court has subject matter jurisdiction over "civil actions arising under the Constitution, laws,

---

[4] R. Doc. 1-2, p. 10.

[5] *See, e.g.,* R. Doc. 1-2, pp. 18-19, 22-23, 26, citing 12 U.S.C. § 2601, *et seq.* and 12 C.F.R. §1024.35, § 1024.36, and § 1024.41.

[6] S*ee, e.g.,* R. Doc. 1-2, pp. 24-26, citing 15 U.S.C. § 1681, *et seq.*

[7] S*ee, e.g.,* R. Doc. 1-2, pp. 32-33, citing 15 U.S.C. § 1692, *et seq.*

[8] *See, e.g*., R. Doc. 1-2, pp. 19-22. Although not specifically cited in the Petition by Plaintiff, UDAAP is at 12 U.S.C. § 5531.

[9] R. Doc. 1, ¶ 6.

[10] R. Doc. 7.

[11] R. Docs. 9, 12.

2

or treatises of the United States."[12] This Court also has subject matter jurisdiction over civil actions where the amount in controversy exceeds $75,000.00 exclusive of interest and costs and the parties are completely diverse (*i.e.*, all plaintiffs are citizens of a different state than all defendants).[13]

28 U.S.C. § 1441 permits a defendant to remove "any civil action" brought in a state court of which the district courts have original jurisdiction, such as federal question jurisdiction under § 1331.[14] The removing party has the burden of proving federal subject matter jurisdiction.[15] Remand is proper if at any time the court lacks subject matter jurisdiction.[16] The removal statute is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand.[17]

Defendant alleges federal question jurisdiction over this case. "A federal question exists 'only in those cases in which a well-pleaded complaint establishes that either federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'"[18] The Court has supplemental jurisdiction over any state law claim which is part of the same case or controversy as the plaintiff's federal claim.[19]

---

[12] 28 U.S.C. § 1331 (federal question jurisdiction).

[13] 28 U.S.C. § 1332 (diversity jurisdiction).

[14] *Rome v. Rocket Mortg., LLC,* No. 22-588, 2023 WL 7105594, at *3 (E.D. Tex. Sept. 13, 2023) ("A federal court has original jurisdiction to hear a suit when it is asked to adjudicate a case or controversy that arises under federal-question or diversity jurisdiction.") (citations omitted).

[15] *Garcia v. Koch Oil Co. of Texas Inc.*, 351 F.3d 636, 638 (5th Cir. 2003).

[16] *See* 28 U.S.C. § 1447(c).

[17] *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007).

[18] *Ysleta Del Sur Pueblo v. City of El Paso,* 433 F.Supp.3d 1020, 1025 (W.D. Tex. 2020), aff'd, No. 20-50313, 2021 WL 5504744 (5th Cir. 2021) (citations omitted).

[19] 28 U.S.C. § 1367.

### B. Defendant Has Adequately Established That Subject Matter Jurisdiction Exists Because Plaintiff Expressly Seeks Relief Under Federal Laws

The Motion first contends that removal was improper because the state law claims substantially control the controversy and the federal claims are only incidental to the state law claims. Plaintiff acknowledges the well-pleaded complaint rule and admits that he alleges "limited federal counts under RESPA, FCRA, and FDCPA, arising from the same factual nucleus;" however, Plaintiff claims "these federal references are secondary to, and largely duplicative of the Louisiana claims." Plaintiff avers that the "gravamen of the dispute" is Defendant's violation of its state law duty of good faith, the Louisiana Unfair Trade Practices Act ("LUTPA"), and Louisiana's foreclosure framework.[20] Plaintiff argues that §1331 requires that a federal issue be "necessarily raised and substantial." He says his federal claims are neither, but just mirror the state law claims rather than create distinct federal controversies. Plaintiff contends that his state law causes of action "will drive discovery, proof and relief."[21] Plaintiff additionally argues that this case involves a Louisiana homeowner, Louisiana property, and a state law consumer protection dispute, and as such, "[t]he interests of comity, fairness, and efficiency favor resolution by the Louisiana courts most familiar with their own consumer-protection and foreclosure statutes."[22]

Defendant contends that removal of this case was proper because "Plaintiff's Petition plainly asserts federal claims and those federal claims make up the majority of Plaintiff's Petition." Specifically, Defendant points the fact that seven of the nine counts in the Petition assert causes of

---

[20] R. Doc. 7, pp. 2-3.

[21] R. Doc. 7, p. 3, citing *Singh v. Duane Morris LLP,* 538 F.3d 334 (5th Cir. 2008) and *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 817 (1986).

[22] R. Doc. 7, p. 4, citing *Parker & Parsley Petroleum Co. v. Dresser Indus.,* 972 F.2d 580, 585 (5th Cir. 1992).

action created by federal law, and the prayer for relief seeks statutory damages under the RESPA and the FCRA, which are exclusively available under federal law.[23]

In reply, Plaintiff asserts that his claims are, at their core, a state law dispute, and his well-pleaded Petition does not assert claims "arising under" federal law. Plaintiff contends that "a citation to a federal statute within a claim predicated on a state-law duty does not mean the cause of action is created by federal law," and Plaintiff's references to federal laws are not freestanding claims but are embedded within and derivative of the Louisiana causes of action.[24] Plaintiff argues that he only pleaded federal statutes as standards of conduct or evidence of breach of state law duties, but "[w]here federal law merely informs the duty for a state-created cause of action, federal-question jurisdiction does not arise."[25]

Early on, Plaintiff's Petition states: "Plaintiff [] asserts causes of action arising under federal laws, including the Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. § 2605 et seq., the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681 et seq., and prohibitions against Unfair, Deceptive, or Abusive Acts of Practices (UDAAP)."[26] The Petition also expressly asserts violations of the FDCPA.[27] Plaintiff claims rights to relief that arise under these federal laws, which are not incidental to, derivative of, or embedded within, any of the state law claims.[28]

---

[23] R. Doc. 9, pp. 3-5, referencing R. Doc. 1-2, pp. 18-19, Count I (alleging violations of RESPA and its implementing regulations at 12 C.F.R. § 1024.36); pp. 19-22, Count II (same, as well as 12 C.F.R. § 1024.41 and UDAAP); pp. 23-24, Count III (RESPA, 12 C.F.R. § 1024.35, § 1024.41, and UDAAP); pp. 24-26, Count IV (FCRA, RESPA, and UDAAP); pp. 26-28, Count V (RESPA, 12 C.F.R. § 1024.36, § 1024.41, and UDAAP); pp. 28-30, Count VI (12 C.F.R. § 1024.41(g)); pp. 32-33, Count VIII (FDCPA); and p. 35 (prayer for relief). The two state law claims are at pp. 30-31, Count VII (LUTPA, La. R.S. 51:1401, *et seq.*) and pp. 33-34, Count IX (duty of good faith and fair dealing, La. Civ. Code art. 1983).

[24] R. Doc. 12, pp. 1-2.

[25] R. Doc. 12, p. 2.

[26] R. Doc. 1-2, ¶ 5.

[27] R. Doc. 1-2, pp. 32-33.

[28] This Report takes no position on whether any of Plaintiff's claims have merit or whether Plaintiff has sufficiently stated a claim but is confined to whether Plaintiff has adequately alleged a federal question for the purpose of evaluating the Court's subject matter jurisdiction as challenged by the Motion. *See Bell v. Hood*, 327 U.S. 678, 682

The FCRA was enacted to promote the accuracy, fairness, and privacy of consumer information contained in the files of Consumer Reporting Agencies ("CRAs"),[29] and the FCRA applies to both CRAs and furnishers of information to CRAs.[30] 15 U.S.C. § 1681s-2, cited by Plaintiff, specifically provides:

> (a) Duty of furnishers of information to provide accurate information
>> (1) Prohibition
>>> (A) Reporting information with actual knowledge of errors
>>> A person shall not furnish any information relating to a consumer to any consumer reporting agency if the person knows or has reasonable cause to believe that the information is inaccurate.
>>>
>>> (B) Reporting information after notice and confirmation of errors
>>> A person shall not furnish information relating to a consumer to any consumer reporting agency if--
>>>> (i) the person has been notified by the consumer, at the address specified by the person for such notices, that specific information is inaccurate; and
>>>> (ii) the information is, in fact, inaccurate.

Plaintiff claims that Defendant violated the FCRA by reporting inaccurate credit information to credit reporting agencies, despite notice of inaccuracies from Plaintiff:

61.

> Selene Finance reported Plaintiff's mortgage as delinquent to the major credit reporting agencies Experian, Equifax, and TransUnion without properly verifying the accuracy of its records and while in receipt of multiple Qualified Written Requests (QWRs) and payment dispute notices. This reporting was done in violation of the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681s-2, and without conducting a reasonable investigation into the validity of the account status.

---

(1946) ("Jurisdiction, therefore, is not defeated as respondents seem to contend, by the possibility that the averments might fail to state a cause of action on which petitioners could actually recover. For it is well settled that the failure to state a proper cause of action calls for a judgment on the merits and not for a dismissal for want of jurisdiction.").

[29] 15 U.S.C. § 1681, *et seq.*

[30] *McCoy v. SC Tiger Manor*, LLC, No. 19-723, 2022 WL 6845990, at *5 (M.D. La. Sept. 23, 2022), report and recommendation adopted, No. 19-723, 2022 WL 6785738 (M.D. La. Oct. 11, 2022) ("Although the FCRA primarily regulates the actions of consumer reporting agencies, Section 1681s-2 imposes responsibilities on furnishers of information to consumer reporting agencies. 15 U.S.C. § 1681s-2; *Shaunfield v. Experian Information Solutions, Inc.*, 991 F.Supp.2d 786, 794 (N.D. Tex. 2014).").

62.

> Plaintiff submitted written disputes to the credit reporting agencies regarding the inaccurate reporting, including Selene's failure to account for recent payments and improperly inflated delinquency. Despite being on notice, Selene continued furnishing inaccurate information, in violation of its FCRA duties as a data furnisher.[31]

On its face, Plaintiff's Petition asserts a free-standing right to relief under the FCRA, a federal law, and further, specifically seeks statutory damages under the FCRA.[32] This one claim alone gives rise to the Court's federal question subject matter jurisdiction, which is all that is required for removal.[33] That said, Plaintiff asserts more than one federal claim.

The FDCPA prohibits a debt collector, defined as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another,"[34] from using any false or misleading representations or unfair practices[35] (among other prohibitions) in connection with collecting or

---

[31] R. Doc. 1-2, pp. 24-26.

[32] R. Doc. 1-2, p. 35 ("…Plaintiff respectfully requests that this Honorable Court enter judgment in favor of Plaintiff and against Defendant Selene Finance LP, and award the following relief:…Statutory Damages as authorized under: The Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681n and 1681o….")

[33] *Board of Com'rs of the Southeast Louisiana Flood Protection Authority-East v. Tennessee Gas Pipeline Co., LLC,* 29 F.Supp.3d 808, 849 (E.D. La. 2014), aff'd sub nom., *Board of Commissioners of Southeast Louisiana Flood Protection Authority—Eas v. Tennessee Gas Pipeline Company, L.L.C.,* 850 F.3d 714 (5th Cir. 2017) (citation omitted), citing *Exxon Mobil Corp. v. Allapattah Servs., Inc*., 545 U.S. 546, 563, 125 S.Ct. 2611, 162 L.Ed.2d 502 (2005); *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 164–66, 118 S.Ct. 523, 139 L.Ed.2d 525 (1997)..

[34] 15 U.S.C. § 1692a(6). (emphasis added). This definition contains several exceptions. *See* 15 U.S.C. § 1692a(6)(A)-(F).

[35] *See* 15 U.S.C. § 1692e ("A debt collector may not use any false, deceptive, or misleading representations or means in connection with the collection of any debt … the following conduct is a violation of this section: … (2) The false representation of – (A) the character, amount, or legal status of any debt; … (8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed; … (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer…"). *See also* 15 U.S.C. § 1692f ("A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt…").

attempting to collect debt from a consumer.[36] Plaintiff claims that Defendant began servicing

Plaintiff's loan after it was already in default and is a debt collector,[37] who violated the FDCPA

when Defendant, among other things, misrepresented the amount of debt Plaintiff owed in the

process of collecting Plaintiff's debt:

100

> 1. Selene Finance violated the FDCPA in at least the following
> ways:
> a.    By misrepresenting the amount of the debt owed, including
> inflated past-due balances and inaccurate escrow charges reported
> on Plaintiff's monthly statements….[38]

Here again, Plaintiff's Petition asserts a free-standing right to relief under the FDCPA, a federal

law. This claim also gives rise to the Court's federal question subject matter jurisdiction.

Plaintiff's arguments in support of remand[39] do not overcome the federal claims that he voluntarily

asserted as the master of his Petition,[40] and cannot overcome the Court's jurisdiction.[41] As such,

remand is not warranted at this time, and it is recommended that the Motion be denied.

---

[36] 15 U.S.C. § 1692a(3) (defining "consumer" as any natural person obligated or allegedly obligated to pay any debt) and 15 U.S.C. § 1692(5) (defining "debt" as any obligation or alleged obligation of a consumer to pay money arising primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment).

[37] R. Doc. 1-2, p. 32, ¶ 98 ("Selene Finance, as a mortgage servicer that began servicing Plaintiff's loan after it was already in default, qualifies as a 'debt collector' as defined under 15 U.S.C. § 1692a(6). As such, Selene is subject to the requirements and prohibitions of the Fair Debt Collection Practices Act (FDCPA).").

[38] R. Doc. 1-2, p. 32, ¶ 100.

[39] For example, in *Singh*, 538 F.3d at 337, the Fifth Circuit held that a state-law malpractice claim did not arise under federal law merely because the alleged malpractice occurred in a prior federal trademark suit, and that the federal issue in that case was not substantial.  Here, however, Plaintiff has expressly asserted rights to relief arising under federal law and has directly raised substantial federal claims. Similarly, *Parker & Parsley Petroleum Co.*, 972 F.2d 580, involved whether the federal court should continue to exercise jurisdiction over state law claims after the only federal claim was dismissed, which is not the case here.

[40] That said, if Plaintiff voluntarily dismissed all federal claims from his Petition, leaving only state law claims, remand of the case would be proper. *See Royal Canin U. S. A., Inc. v. Wullschleger,* 604 U.S. 22, 44 (2025) ("[The plaintiff's] deletion of all federal claims deprived the District Court of federal-question jurisdiction. And once that was gone, the court's supplemental jurisdiction over the state claims dissolved too. Wullschleger had reconfigured her suit to make it only about state law. And so the suit became one for a state court.").

[41] "Parties 'may neither consent to nor waive federal subject matter jurisdiction.'" *Mega Vape, LLC v. City of San Antonio,* 455 F.Supp.3d 299, 305 (W.D. Tex. 2020), citing *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 1999).

### C. Supplemental Jurisdiction Does Not Apply to Claims for Which Federal Question Jurisdiction Exists and the Applicable Factors Currently Weigh Against Declining Supplemental Jurisdiction Over State Law Claims

Plaintiff alternatively argues that, even if jurisdiction does exist, the Court should decline to exercise 28 U.S.C. § 1367 supplemental jurisdiction ("§ 1367 jurisdiction") under § 1367(c)(1) because the Louisiana causes of action present novel and complex applications of LUTPA and Louisiana law on good faith, and under section § 1367(c)(2) because the state law claims substantially predominate over the federal claims in scope and importance.[42] Plaintiff asserts that Louisiana has a compelling sovereign interest in regulating mortgage servicing, foreclosure proceedings, and the protection of homeowners, and the Court should decline supplemental jurisdiction as a matter of comity and to avoid "fragmenting this dispute across forums."[43]

Defendant argues that the Court should not decline supplemental jurisdiction because Plaintiff's state law claims are based on the same set of operative facts as the federal claims, *i.e.*, Defendant's servicing of Plaintiff's mortgage and the foreclosure action, such that the state and federal law claims are part of the same case or controversy. Defendant asserts that Plaintiff has not explained how the state law claims are novel or complex, and Plaintiff's characterization of his state law claims as predominating over the federal claims is irrelevant and insufficient for the Court to decline to exercise § 1367 jurisdiction.[44]

Reiterating his original arguments, Plaintiff asserts on reply that the Court should decline supplemental jurisdiction and remand this matter because the state law claims predominate, and the federal claims only supplement the state law duties owed; the state has a strong interest in regulating mortgage servicing disputes involving Louisiana property and citizens; Louisiana

---

[42] R. Doc. 7, p. 4, citing § 1267(c)(1) and (c)(2), and *Brookshire Bros. Holding, Inc. v. Dayco Prod., Inc.,* 554 F.3d, 595, 602 (5th Cir. 2009).

[43] R. Doc. 7, p. 4.

[44] R. Doc. 9, p. 6.

courts are uniquely suited to interpret Plaintiff's state law claims; and retaining jurisdiction would "unnecessarily federalize" a local matter that belongs in state court.[45]

Section 1367 provides, in pertinent part:

> [I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

"Section 1367 allows federal courts to hear state claims that travel with federal claims in the same lawsuit."[46] "It grants supplemental jurisdiction over [state] claims that do not independently come within the jurisdiction of the district court but form part of the same Article III 'case or controversy.'"[47] "The question under section 1367(a) is whether the supplemental claims are so related to the original claims ... that they 'derive from a common nucleus of operative fact.'"[48]

At the outset, it seems that Plaintiff argues that the Court should decline jurisdiction over *all* claims based on the considerations under § 1367.[49] However, supplemental jurisdiction only applies to the exercise of jurisdiction over interrelated claims over which the Court does not otherwise have original subject matter jurisdiction, here, *e.g.*, state law claims. Supplemental jurisdiction does not apply to claims for which federal question jurisdiction exists under 28 U.S.C. § 1331.

---

[45] R. Doc. 12, p. 3.

[46] *Halmekangas v. State Farm Fire & Cas. Co.,* 603 F.3d 290, 293 (5th Cir. 2010).

[47] *Id.* (citation omitted).

[48] *Id.* (citations omitted).

[49] *See, e.g.*, R. Doc. 7, p. 4 (arguing that, even if a colorable federal question exists, the Court should decline supplemental jurisdiction because the Louisiana causes of action present novel and complex issues of state law and because the state law claims substantially predominate over the federal claims in both scope and importance; R. Doc. 12, p. 3 ("Even assuming arguendo that the Court finds a cognizable federal question, remand remains appropriate because the state-law claims substantially predominate. 28 U.S.C. § 1367(c)(l).")

To the extent Plaintiff is asking only that the Court decline supplemental jurisdiction over his state law claims (and continue to exercise jurisdiction over the federal claims), the Court should not do so. Plaintiff's state law claims against Defendant are based on the same facts that form the basis of Plaintiff's federal claims, *i.e.*, Defendant's servicing of Plaintiff's mortgage and related alleged actions and inactions.[50] Thus, the state law and federal claims derive from a common nucleus of operative fact, and the Court has § 1367 jurisdiction over the state law claims.

Section 1367(c) provides:

> (c) The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if--
> (1) the claim raises a novel or complex issue of State law,
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

When assessing whether to decline § 1367 jurisdiction, the Court should consider the factors in § 1367(c), as well as "considerations of judicial economy, convenience, fairness, and comity."[51] Here, most of these factors weigh in favor of retaining § 1367 jurisdiction.[52]

Plaintiff argues that his state law claims raise novel or complex issues of state law, but he has not identified any or explained how they are novel or complex.[53] On their face, Plaintiff's state law claims are garden-variety LUTPA and bad faith claims. As discussed above, the state law

---

[50] R. Doc. 1-2, pp. 30-31, 33-34.

[51] *Hamilton v. City of Lott, Texas,* No. 23-50498, 2023 WL 8666040, at *1 (5th Cir. Dec. 15, 2023) (citations omitted).

[52] The § 1367(c)(3) and (4) factors are inapplicable.

[53] The Fifth Circuit has also held that, even if a case does raise novel and complex issues of state law, that is not controlling as to whether § 1367 jurisdiction should be declined. *See Alphonse v. Arch Bay Holdings, L.L.C.*, 618 Fed.Appx. 765, 769 (5th Cir. 2015). In *Alphonse*, the court declined supplemental jurisdiction over state law claims *after* all federal claims were dismissed.

claims also do not predominate over the federal claims.[54] Since the Court has § 1331 jurisdiction over the federal claims, and the state law claims are "so related" to them, judicial economy and convenience is served by retaining jurisdiction over the state law claims so that they can be tried with the federal claims at the same time in the same forum.[55] Other than Plaintiff's displeasure at his case being removed from state court, Plaintiff has not alleged how retention of jurisdiction is unfair to him, and it is not apparent how it would be unfair because Plaintiff, and the underlying residence at issue, are located in this district.[56] Lastly, it is likely that the State may have an interest in a dispute between its resident and a mortgage servicer involving Louisiana property. As such, the only factor that could weigh in favor of declining jurisdiction is comity; however, even if comity weighs in favor of declining supplemental jurisdiction over Plaintiff's state law claims, the other factors weigh in favor of exercising supplemental jurisdiction. The Court has § 1367 jurisdiction over Plaintiff's state law claims, and the balance of applicable factors currently weigh against declining it.[57]

### D. An Award of § 1447(c) Fees Is Not Warranted Because the Case Was Properly Removed

---

[54] In *Brookshire Bros. Holding, Inc.*, 554 F.3d at 602, the Fifth Circuit held that the district court erred in declining to exercise supplemental jurisdiction and remanding the case because it had expended a "significant" amount of judicial resources over the proceedings. The case is distinguishable because the issue of whether to exercise supplemental jurisdiction was raised by a motion to remand following the departure of the defendant whose bankruptcy gave rise to the Court's jurisdiction; whereas here, federal claims remain pending. Furthermore, while the Circuit noted that novel and complex state law issues weigh in favor of declining § 1367 jurisdiction, Plaintiff has not alleged any claims that involve novel or complex issues of state law.

[55] Exercise of supplemental jurisdiction over the state law claims, and litigation of all claims in this Court, is the opposite of "fragmenting the dispute across forums."

[56] R. Doc. 1-2, p. 11-12, ¶¶ 1, 6.

[57] In *Parker & Parsley Petroleum Co.,* 972 F.2d at 585, the Fifth Circuit reversed the decision of the trial court, which had retained § 1367 jurisdiction over pendent state law claims, and held that the state law claims should have been dismissed once the federal claim was dismissed. Here, however, federal claims are currently pending.

12

Plaintiff seeks an award of fees under § 1447(c),[58] contending that he has been forced to incur costs in challenging removal; Defendant lacked an objectively reasonable basis to remove the case for the same reasons supporting remand; and, removal was a tactical maneuver by Defendant to delay the case.[59] Defendant opposes Plaintiff's request for fees.[60] Since denial of remand is recommended, Plaintiff's request for fees pursuant to 28 U.S.C. § 1447(c) should also be denied.

### III.    RECOMMENDATION

Plaintiff specifically asserted rights to relief arising under federal law in his state court Petition. Defendant properly removed the case from state court to this Court based on this Court's federal question subject matter jurisdiction. 28 U.S.C. § 1367(c) considerations do not apply to claims for which federal question jurisdiction exists under 28 U.S.C. § 1331. Therefore, to the extent Plaintiff asks this Court to decline jurisdiction over all claims, that request is improper. If Plaintiff only asks the Court to decline supplemental jurisdiction over his state law claims, most of the applicable factors currently weigh in favor of exercising such jurisdiction. Because denial of the Motion to Remand is recommended, Plaintiff's request for an award of fees under § 1447(c) for improper removal should be denied.

Accordingly,

**IT IS RECOMMENDED** that the Motion to Remand,[61] filed by Plaintiff Emmanual Gerard, be **DENIED** because the case was properly removed based on federal question

---

[58] *See* 28 U.S.C. § 1447(c) (providing, *inter alia*, that an order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal.)

[59] R. Doc. 7, p. 5.

[60] R. Doc. 9, p. 7.

[61] R. Doc. 7.

jurisdiction, and supplemental jurisdiction exists over the state law claims, which should not be declined at this time.

**IT IS FURTHER RECOMMENDED** that Plaintiff's request for costs and fees pursuant to 28 U.S.C. § 1447(c) be **DENIED** because removal was proper.

**IT IS FURTHER RECOMMENDED** that, if this Report and Recommendation is adopted, this matter be referred to the undersigned for a scheduling conference.

**IT IS ORDERED** that a copy of this Report and Recommendation be sent to Plaintiff Emmanuel Gerard by regular mail and by certified mail, return receipt requested at his address of record on PACER.

Signed in Baton Rouge, Louisiana, this June 29, 2026.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**